## Case No. 15,278.

### UNITED STATES v. HALBERSTADT.

[15 Haz. Pa. Reg. 314.]

Circuit Court. E. D. Pennsylvania. May, 1835.[1]

VIOLATION OF COLLECTION LAWS — REMOVAL OF CASKS IN WHICH SPIRITS HAVE BEEN IMPORTED.

[The provision in the forty-fourth section of the collection act of 1799 (1 Stat. 660), imposing a penalty upon "every person" who "shall sell or in any way alienate or remove" any cask which has been emptied, before the marks and numbers have been defaced in the presence of an officer, and the certificate accompanying the cask delivered up, as required in the preceding part of the section, applies only to the person who sells or alienates such a cask, and not to the purchaser thereof, although the latter does, in fact, remove it.]

[In error to the district court of the United States for the Eastern district of Pennsylvania.]

BALDWIN, Circuit Justice. The case in the district court was an action brought by the United States to recover from the defendant a penalty of one hundred dollars for removing an empty cask which had contained imported spirits, before the marks and numbers which had been put thereon, pursuant to the provisions of the collection act of 1799, had been defaced as directed by the 44th section thereof. The case was submitted to a jury, who found a special verdict "that the defendant did remove the cask described in the declaration, without having the marks erased therefrom, and had purchased the same from persons unknown to the jury," on which judgment was rendered for the defendant. [Case No. 15,277.]

The only question made at the bar is whether the penalty prescribed attaches to the purchaser of such empty cask. The 44th section of the law provides that on the sale of any empty cask which had contained imported spirits, and before the delivery to the purchaser, or any removal thereof, the marks and numbers which shall have been set thereon shall be defaced and obliterated in presence of an officer of the customs, at which time the certificate which ought to accompany such cask shall be returned and cancelled. These are the directory parts of the law, prescribing what shall be done. The clause which inflicts the penalty is: "And every person who shall obliterate, counterfeit, alter, or deface, any mark or number, placed by an officer of inspection upon any cask containing spirits, or any certificate thereof. Or who shall sell, or in any way alienate, or remove any cask which has been emptied before the marks and numbers have been so defaced in presence of an officer, or who shall neglect or refuse to deliver the certificate issued to accompany the cask, of which the marks and numbers shall have

been defaced on being required by an officer of inspection of the customs, shall forfeit one hundred dollars." 3 [Bior. & D.] Laws, 177 [1 Stat. 660]. If the penal part of this section is alone considered, the words "every person who shall remove," &c., would comprehend the purchaser as well as the seller of an empty cask; but in construing a penal statute the part which directs the performance of an act must be connected with that which imposes the penalty for its omission, so that it shall be imposed only on the delinquent party. "It is also unquestionably a correct legal principle that a forfeiture can only be applied to those cases in which the means prescribed for the prevention of the forfeiture may be employed." [The Favourite], 4 Cranch [8 U. S.] 363.

The first inquiry is this: What will prevent the forfeiture? next, by whom the acts directed to be done must be performed; and lastly, whether they can be performed by the purchaser. The first act in order of time is notice to some officer of inspection or of the customs, to attend at the time of defacing the marks and numbers. (2) The defacing them in the presence of such officer. (3) Returning and cancelling the certificate. If these acts are done, there can be no forfeiture for the removal of the cask, as every requisition of the law is complied with. Though the law does not designate the seller or owner of the cask as the person who is to do these acts, it does so by necessary implication from the words used, "That on the sale of any cask," &c., "and prior to the delivery thereof to the purchaser or any removal thereof." The defacing the marks and the return and cancelling of the certificate are simultaneous acts, which it will be seen by a reference to the 41st, 42d, and 43d sections must be done by the owner or the seller. The 41st section directs the surveyor, or chief officer of inspections, to give to the proprietor, importer, or consignee a particular certificate, which shall accompany each cask of spirits, the form of which is prescribed. The 42d section directs the inspectors to make entries of all certificates. The 43d section directs that on the sale of any spirits the certificates shall be delivered to the purchaser on pain of forfeiting fifty dollars for each certificate which is not so delivered. And if any cask containing spirit is found unaccompanied with the marks and certificate in the possession of any person, it shall be presumptive evidence that the same is liable to forfeiture. As the certificate then must be in the hands of the owner of the spirits and the cask which contains them until it has been emptied of its contents, and must be delivered up and cancelled upon the sale of the cask, and before its delivery to the purchaser or removal, it must be done by the person who is bound to have the certificate in his possession with the cask. He is also the person who is to give notice to the officer, and deface the marks in his presence.

---

This person is therefore the owner or seller, who must retain the certificate till the sale. If of a full cask, he must deliver it to the purchaser; if an empty one, he must cancel it, or it must be done by the officer before delivery or removal. These provisions of the law point to the owner or seller as plainly as if he was especially named. They also necessarily exclude the purchaser, as he can in no event be entitled to the possession of the certificates. He can not return or cancel it; and as the notice to the officer and defacing the marks must precede the delivery or removal, he can have no possession of the cask for such purpose.

There is therefore no one directory provision of this section which the purchaser is enjoined to perform, nor any duty imposed on him, the omission of which can be deemed a violation of the law; but the law does apply directly to the owner or seller on whom every duty is enjoined who has it in his power to perform every act required, and on whom the penalty for omission can and ought to be visited. It would be a severe construction of the penal part of this law to attach the forfeiture to a purchaser when he had not the means of avoiding it in his power. Such construction ought not to be given unless the words are too plain and imperative to be explained or applied according to the principles of justice. Those used in the penal clause are not of this description. They are: "And every person who shall sell or in any way alienate or remove any cask, &c., which has been emptied of its contents before the marks have been defaced as aforesaid," "or who shall refuse or neglect to deliver the certificate, &c., when thereto required by an officer of inspection," shall forfeit one hundred dollars. For what? it may be asked. For selling or in any way alienating or removing the cask in violation of the previous directions which are applicable exclusively to the owner or seller. The prohibition to remove before defacing the marks and the penalty for the removal must have been intended to apply to the same person, not only from the whole scope of the 44th section, but the provisions of the 43d. The latter inflicts a forfeiture of both cask and spirits if a full cask is found in the possession of any person unaccompanied with the marks and certificate. This forfeiture attaches to the articles in the hands of the purchaser. Now, if congress had intended to attach the pecuniary forfeiture to the purchaser of a cask found in his possession empty, with the marks not defaced, a similar provision would have been inserted in the next section. Or, had the penalty been intended to attach to purchaser and seller alike, the clause would have been, "Every person who shall sell or in any way alienate, purchase or remove," and the directory part would have contained a prohibition to the purchaser to receive the

cask, in which case the penalty would have been incurred by his disobedience. This omission to provide for the case of any other than the owner or seller of the cask is a clear indication that the sense of congress was to include no others within the penal enactments; more especially when taken in connection with the last providing for the neglect or refusal to deliver the certificate which can in no case apply to the purchaser of the empty cask.

Of the four acts which are the constituents of the offence—selling, alienating, removing, refusing or neglecting to deliver the certificate—there are three which can be done only by the owner or seller. The removing may be done by the purchaser; but, connecting the word "remove" with the context, as well as the two sections, it appears to refer to the same person who sells or alienates. The clause of the 44th section imposing the forfeiture follows the prohibitory clause so closely as to clearly point out their connection and dependence. Every person who removes the cask incurs the penalty for not defacing the marks "prior to the delivery thereof to the purchaser or any removal thereof," or not returning and cancelling the certificate. There is no forfeiture for purchasing or having in possession an empty spirit cask with the marks on it defaced. The law does not look beyond the sale, or prohibit any act after the cask is delivered to the purchaser. Every duty enjoined is antecedent, and a forfeiture is incurred by every omission, but none can be incurred where no duty is enjoined. The removal merely is no offence. It must be a removal before the marks are defaced, as directed by the law. The means of preventing the forfeiture can be used by the seller, but not by the purchasers, and the latter ought not to be visited with the default of the former unless the law would become inoperative by confining it to the owner or seller. Every object in view seems to be fully effected by the imposition of one forfeiture for one offence which is constituted by the one act of removal. By adopting a different construction the forfeiture would attach to the owner, his agent in selling, the laborer who would remove it from its position, the drayman, the purchaser, as well as every person through whose hands the cask might pass from time to time. The words of the law do not admit of such successive and cumulative forfeitures. On the other hand, their import is inconsistent with such intention. The phraseology is peculiar, "or who shall sell or in any way alienate or remove." It is very clear that the person who sells, or in any way alienates or removes, can be no other than the seller, and that none other can have been within the scope of these words, which were evidently used in order to prevent any evasion of the law by the owner in alienating or in any way disposing of,

removing, or parting with the possession of the cask before complying with the law, although he had made no actual sale of it.

This view of the law makes every word operative. It affixes the penalty to the person who can prevent the commission of the offence, and is the delinquent on whom it ought to be imposed. To extend the forfeiture to the purchaser who cannot sell or in any way alienate the cask, is not required by the terms of the law, and would bring within its operation a case not contemplated.

This view of the 44th section is confirmed by the judicial construction of the 43d in the circuit and supreme court. The first clause directs the certificate accompanying a full cask to be delivered to the purchaser. It is therefore held that the clause imposing the forfeiture, if it is found in the possession of any person without the certificate, refers to the person who has possession as purchaser. The forfeiture does not attach if the casks are in possession of a wrong-doer, and is incurred only by a violation of the special provision of the law by a party who has it in his power to comply with its requirements; and all the constituents of the offence must exist in the case. Six Hundred and Fifty-One Chests of Tea v. U. S. [Case No. 12,916]; [U. S. v. Three Hundred and Fifty Chests of Tea] 12 Wheat. [25 U. S.] 487; [Sixty Pipes of Brandy] 10 Wheat. [23 U. S.] 424.

This is considered a highly penal statute, which is not to be extended beyond its express letter by any deduction from its supposed policy, or be so construed as to impose a duty which the party could not perform. [Sixty Pipes of Brandy] 10 Wheat. [23 U. S.] 424, 425. And the part imposing a forfeiture will not be enlarged beyond the provision for the violation of which it is imposed, [The Favourite] 4 Cranch [8 U. S.] 362, or by the acts or omissions of persons over whom the party could have no control, Id. 365.

The same construction has been given to the 51st section, which imposes a forfeiture of any spirits which are removed before the quantity, quality, and proof shall have been ascertained and marked as directed by law. The removal which subjects the owner to a forfeiture must be made with his consent or some person employed by him. [The Favourite], 4 Cranch [8 U. S.] 363; [Sixty Pipes of Brandy], 10 Wheat. [23 U. S.] 424; [U. S. v. Three Hundred and Fifty Chests of Tea] 12 Wheat. [25 U. S.] 490.

In the application of these rules to the penal part of the 44th section it must be referred to a removal made by the owner or seller from his to the possession of another in consequence of a sale or some way or mode of alienation or delivery to a purchaser or alienee, and not to the person who receives it after a purchase.

The judgment of the district court is therefore affirmed.